UNITED STATES of America,
Appellee,

v.

Claude E. BRODY, Appellant.

UNITED STATES of America,
Appellee,

v.

Leonard B. BRODY, Jr., Appellant.

Nos. 73-1189, 73-1190.

United States Court of Appeals,
Eighth Circuit.

Submitted Sept. 13, 1973.

Decided Oct. 11, 1973.

Rehearing and Rehearing En Banc Denied
Nov. 27, 1973.

See also, D.C., 357 F.Supp. 910.

Gary Eldredge, and William C. Hopkins, II, Kansas City, Mo., for appellants.

Anthony P. Nugent, Jr., Asst. U. S. Atty., Kansas City, Mo., for appellee.

Before GIBSON and BRIGHT, Circuit Judges, and SMITH,* Senior District Judge.

PER CURIAM.

The defendants, Claude E. Brody and Leonard B. Brody, Jr., brothers, were charged in a two-count indictment with willfully possessing an unregistered shotgun in violation of 26 U.S.C. § 5861 (d) and with transportation of two sawed-off shotguns in interstate commerce for the purpose of committing a bank robbery, in violation of 18 U.S.C. § 924(b). The jury returned a guilty verdict on the "possession" count, [§ 5861(d)] and a not guilty verdict on the "transportation" count for both defendants. The District Court sentenced each defendant to ten years imprisonment on the first count.

On appeal, the defendants filed identical briefs, contending that there was

---

* The Honorable Talbot Smith, Senior District Judge, Eastern District of Michigan, sitting by designation.

insufficient evidence to support the jury's verdict, that an instruction given by the District Court in response to a question by the jury concerning the time of the offense was prejudicial, and that the District Court erred in denying a motion to suppress the sawed-off shotgun found in Claude Brody's automobile.

■ The defendants' three arguments merit brief discussion. First, the "sufficiency of the evidence" contention rests on a claim that two Government witnesses testified unreliably concerning defendants' possession of the shotgun on dates other than July 7, 1972 (the day of defendants' arrests). One of these two witnesses informed the police that the shotgun could be found in Claude Brody's car. The defendants do not contend that the shotgun was not found in Claude Brody's car. Viewing the evidence in the light most favorable to supporting the jury's verdict, we conclude that there was ample evidence to support the convictions. United States v. Holt, 427 F.2d 1114, 1116 (8th Cir. 1970); Hanger v. United States, 398 F.2d 91, 108 (8th Cir. 1968), cert. denied, 393 U.S. 1119, 89 S. Ct. 995, 22 L.Ed.2d 124 (1969).

■ The defendants also argue that the District Court gave an improper instruction to the jury. During the jury's deliberations, the jury gave the bailiff an envelope containing the following question:

"Does Count One of the Indictment mean at the time of the arrest or possession of the gun at any previous time covered by the evidence at trial?"

The District Court and all counsel agreed that the court should respond to the question with a written instruction, which was given as follows:

"Count One of the indictment in this case charges that the offense charged therein was committed 'on or about the 7th day of July, 1972.' The proof need not establish with certainty the exact date of the alleged offense. It is sufficient if the evidence in the case establishes beyond a reasonable doubt that the offense was committed on a date reasonably near the date alleged."

The defendants objected to this instruction, contending it purportedly interjected prejudicial new issues into the case, for it allowed the jury to convict based upon evidence of possession of the shotgun by defendants *on days other* than July 7, 1972, the day of defendants' arrests. The Government responds that the grand jury indictment "charged not simply 'on July 7' but 'on or about' July 7," and that such a charge encompasses possession on days other than the actual arrests. We agree with the Government's position and further note that this instruction is commonly approved. Bradford v. United States, 413 F.2d 467, 470–471 (5th Cir. 1969); Yaw v. United States, 228 F.2d 382, 383 (9th Cir. 1955); Devitt and Blackmar, Federal Jury Practice and Instructions § 14.02 (2d ed. 1970).

■ Last, defendants contend that the District Court should have suppressed the evidence of the shotgun due to an illegal search and seizure of Claude Brody's automobile. The defendants claim that the police officers did not have probable cause to arrest defendants or search the automobile. We have reviewed the record and think that there was adequate probable cause to support the warrantless search of the automobile. Husty v. United States, 282 U.S. 694, 700–701, 51 S.Ct. 240, 75 L.Ed. 629 (1931); Brinegar v. United States, 338 U.S. 160, 174–176, 69 S.Ct. 1302, 93 L.Ed. 1879 (1949).

Judgment of convictions affirmed.