**UNITED STATES of America, Plaintiff-Appellee,**

v.

**James Albert "Sonny" KING, Hattie Ray King, Johnny Wayne King and Jerome Lewis, Defendants-Appellants.**

**No. 82–4249.**

United States Court of Appeals, Fifth Circuit.

April 6, 1983.

Rehearing and Rehearing En Banc Denied May 4, 1983.

---

William Liston, Winona, Miss. (Court-appointed), for Johnny Wayne King.

Michael Mills, Aberdeen, Miss., Tommy Reynolds, Charleston, Miss., for James and Hattie King.

H.E. Kellum, III, Jackson, Miss. (Court-appointed), for Jerome Lewis.

Glen H. Davidson, U.S. Atty., John R. Hailman, Asst. U.S. Atty., Oxford, Miss., for plaintiff-appellee.

Before GARZA, POLITZ and JOHNSON, Circuit Judges.

GARZA, Circuit Judge:

The defendants, Johnny Wayne King, Jerome Lewis, James Albert "Sonny" King and Hattie Ray King were charged in a three-count indictment. Count one (1) charged Sonny King with distributing cocaine "on or about" April 16, 1981, to Mississippi Bureau of Narcotics undercover agent Shirlene Anderson and also charged Jerome Lewis and Johnny King with aiding and abetting that cocaine distribution. Counts two (2) and three (3) charged that Sonny King was aided and abetted by Hattie Ray King, Johnny King and Jerome Lewis in distribution of cocaine and marihuana to Anderson "on or about" June 26, 1981. Jury trial was held, and all the defendants were found guilty on all counts.

The defendants' problems began on approximately April 13, 1981, when agent Anderson met with an informant and defendant Lewis for the purpose of arranging a meeting with Sonny King. Several days later Anderson met Lewis and the informant at a shopping center. Lewis and the informant got in Anderson's car and were approached by Mr. Woodall who, at Lewis' invitation, joined them in the car. The four of them left Grenada and drove about twenty miles into Tallahatchie County to a place called "King's Place," a combination used car lot and lounge. While Anderson waited in the car, the informant and Woodall went in the lounge and Lewis approached an older man, a woman and a younger man who were later identified as Sonny King, Hattie King and Johnny Wayne King. Sonny King was angry with Lewis for bringing so many people but told Lewis he would sell them cocaine for one hundred dollars a gram. Anderson and Woodall each gave Lewis one hundred dollars to purchase a gram of cocaine. Lewis gave the money to the Kings and purchased the cocaine. The cocaine was mailed to the Mississippi State Crime Lab where it was received on April 20, 1981.

On a date Anderson recalled to be June 26, 1981, Lewis and Anderson drove back to "King's Place." When they arrived, Sonny and Johnny King were standing outside. Lewis approached them and came back and told Anderson that Sonny had gone up to one hundred twenty dollars per gram on the cocaine and would only deal in pounds of marihuana. Anderson then approached King and began to negotiate. Sonny agreed to sell her two grams of cocaine at one hundred ten dollars per gram and two ounces of marihuana at thirty dollars an ounce for a total price of two hundred and eighty dollars. Hattie King brought the bag with the cocaine and marihuana into the lounge, Sonny King gave it to Anderson and Anderson gave Sonny King the money. Anderson later mailed the bag to the Crime Lab where it was received on June 29, 1981.

The government offered tape recordings, transcripts and oral testimony that Anderson had followed up on their dealings and recorded conversations with Sonny King

and Hattie King about buying more drugs on August 11, 14, 15, 17, and 20, 1981 and on October 30, 1981. Anderson also testified in chambers, as part of the government's proffer, that she met in person and discussed buying drugs with Sonny King and Hattie King at the lounge on August 6 and 21, 1981 and with Sonny alone on October 30, 1981. The district court also listened to tapes and read transcripts of the telephone conversations, which were corroborated by toll records of the telephone calls. The district court excluded all evidence relating to incidents occurring after June 26 from use in the government's case-in-chief; the court, however, did not preclude the use of the evidence on rebuttal.

All of the defendants presented alibi defenses offering testimony concerning their activities on April 16, 1981, and June 26, 1981. Lewis testified he was at home on April 16 and that he had gone to Galveston, Texas "a couple of days before" June 26 to visit his injured stepson. Hattie King testified that in April and June 1981 she did not know or know of Anderson; on April 16 she did not know where she was but did remember that Sonny King was attending auto auctions in Memphis; and on June 26, 1981, she and Sonny were in Memphis. The district court permitted cross-examination of Hattie King on whether she talked with Anderson after June 26 because she denied knowing Anderson. Johnny King testified that on April 16 and the week surrounding that date he was working all day on a rent house and that from June 22 to June 28 he was in bed with arthritis. Johnny, also, denied having any contact with Anderson prior to seeing her in court. In testimony riddled with inconsistencies Sonny King stated that on April 16 and June 26 he was in the Memphis area on business; he denied ever having met Anderson prior to August 6, 1981, when he met her outside his lounge; and he admitted talking to Anderson more than a month after the August 6 meeting.

On rebuttal the government re-proffered the tape recordings, transcripts and testimony of Anderson which had previously been excluded. The district court permitted rebuttal testimony by Anderson relating to her personal contact with the Kings and how often she dealt with them. Anderson was not allowed, however, to testify as to the contents of the conversations and the tape recordings and transcripts were excluded.

The jury returned verdicts of guilty on all counts as to all defendants. The defendants' motion for new trial was denied and the defendants bring this appeal raising several points of error. After reviewing the record and the pertinent law, we find the defendants' contentions to be without merit.

The defendants first contend that the trial court's jury instruction was in error. The portion of instruction the defendants find objectionable is as follows:

The indictment in this case charges that each offense was committed on or about a particular date. The evidence need not establish with certainty the exact date of the alleged offense. It is sufficient if the evidence does establish beyond a reasonable doubt that the offense was committed on a date reasonably near the date alleged in the indictment. Evidence has been introduced by the defendants on trial seeking to establish an alibi, that is to say that a defendant was not present at the place or at the time when he is alleged to have committed an offense charged against him or her in the indictment.

Now, it is, as I have told you, the government's burden to establish beyond a reasonable doubt each of the essential elements of the offense and if after consideration of all the evidence in the case you have a reasonable doubt as to whether a defendant was present at the time and place alleged in the particular count, then you must acquit him or her as to that count. And also if you have a reasonable doubt as to whether a defendant has been identified as having participated in a crime beyond a reasonable doubt, if you have a reasonable doubt as to the identification of a defendant, of course, you cannot convict such a defendant.

Proof of guilt must be beyond a reasonable doubt.

Now, in this case the defendant James Albert "Sonny" King asserts a defense of alibi to the charges contained in count 1 of the indictment by saying that on April 16, 1981, at the time Agent Anderson made the sales, allegedly made the sales set forth in count 1 of the indictment, he was in Horn Lake, Mississippi, attending a used car sale. And his further defense is that on June 26th, at the time of the alleged sales in counts 2 and 3, he was in Memphis, Tennessee.

Hattie Ray King's defense or alibi to the charges made against her in counts 2 and 3 of the indictment was that on June 26th, at the time of the alleged sales, she was in Memphis, Tennessee.

As to the defendant Johnny Wayne King, he asserts an alibi defense to the alleged sale in which he is claimed to have participated in counts 1, 2 and 3 by saying he was not present at the time and place alleged in the counts.

Similarly, the defendant Jerome Lewis asserts a defense of alibi to the sales of drugs which Agent Anderson testified, as alleged in counts 1, 2 and 3, by saying that he was at his home on April 16, 1981, and that he was at Galveston, Texas, on June 26, 1981.

Now, it is up to you to weigh the defenses of alibi. And if you have a reasonable doubt as to the guilt of any one of the defendants, it would be your duty to vote not guilty as to that defendant.

On the other hand, if you are convinced of guilt beyond a reasonable doubt, you reject the defenses interposed by these defendants. If you believe that, it would be your duty.

Finally, if you believe all the other elements of the offense were committed beyond a reasonable doubt, it would be your duty to convict.

■ The defendants contend that since the alibi defense was raised the court should not have given the jury an "on or about" instruction. They concede that normally time is not a material element of a criminal offense unless made so by the statute creating the offense, *Ledbetter v. United States,* 170 U.S. 606, 612, 18 S.Ct. 774, 776, 42 L.Ed. 1162 (1898); *United States v. DeBrouse,* 652 F.2d 383, 391 (4th Cir.1981), and that the "on or about" instruction is normally proper. *United States v. Brody,* 486 F.2d 291, 292 (8th Cir.1973), *cert. denied,* 417 U.S. 949, 94 S.Ct. 3077, 41 L.Ed.2d 670 (1974). The defendants, however, argue that where the defendant raises an alibi defense the date of the offense becomes a material element of the offense and an "on or about" instruction is not proper. We disagree.

The defendants and the government have cited several federal cases seeking to dispose of this issue. None of these cases, however, directly settles the issue.[1] The most analogous case is *United States v. Arteaga-Limones,* 529 F.2d 1183 (5th Cir.), *cert. denied,* 429 U.S. 920, 97 S.Ct. 315, 50 L.Ed.2d 286 (1976). There the indictment charged the offenses occurred "on or about" certain specified days, "the exact date unknown to the grand jurors." From the outset the primary government witness acknowledged that he was unable to recall the exact dates during which the drug offenses occurred. The evidence established, however, that the offense occurred before the return of the indictment and within the statute of limitations. On appeal the defendants claimed that because they raised the defense of alibi they were prejudiced by

---

1. In *United States v. Goodrich,* 493 F.2d 390 (9th Cir.1974), the court was faced with the issue of whether the district court must instruct the jury as to a specific date and not use the "on or about" instruction when the alibi defense is raised. The court, however, did not directly address the issue. The court did find that the "on or about" instruction was not unfair to the defendant, in that case, because all proof went to one date and the jury could not have found the act occurred on a different date. *Id.* at 394. The court went on to say that even if the "on or about" instruction was error, the error was harmless because the jury rejected the alibi defense. *Id.*

the government's failure to prove the exact dates of the offenses charged. This court first stated that since exact dates are "not essential elements of the offenses, the inability of the government to prove the dates with precision was not fatal." *Id.* at 1193. Second, this court found the defendants were not prejudiced by the government's failure to prove a specific date, even though alibi had been raised as a defense. *Id.* at 1194. In finding no prejudice the court relied on two factors: (1) the defendants were allowed to vigorously cross-examine the government's key witness and attack his credibility; and (2) the trial court instructed the jury, in addition to instructions on the presumption of innocence, burden of proof, alibi, and reasonable doubt, that proof the offense was committed on a date reasonably near the date alleged was sufficient.[2] This court concluded that the jury, exercising its responsibility as sole judge of the facts and credibility, chose to believe the government witness, and the defendants, therefore, were not prejudiced. *Id.* at 1194.

 The approach, analysis and reasoning of this court in *United States v. Arteaga-Limones* can be applied to the issue before us. Defendants' contention, that time becomes a material element of a criminal offense when the defense of alibi is advanced, was clearly rejected. *Id.* at 1193. The best argument left for the defendants, therefore, is that it would be unfair to allow the government to present its case as to a specific date, permit the defendants to structure their defense as to that same date and to permit the jury to find the crime had been committed on a different date. *See United States v. Goodrich,* 493 F.2d 390, 394 (9th Cir.1974). After reviewing the record, we conclude that the "on or about" instruction was not unfair to the defendants, and

the defendants were not prejudiced by the instruction. First, the indictment charged the offenses occurred "on or about" April 16, 1981 and June 26, 1981. The defendants were, consequently, on notice that the charge was not limited to the two specific dates. Second, the jury instruction, read as a whole, fairly presented the case to the jury. In addition to the challenged instruction, the jurors were instructed on the elements of offense, burden of proof, reasonable doubt, direct and circumstantial evidence, credibility, expert testimony, the defendants' competence as a witness, the significance of impeachment of a witness by testimony concerning their reputation in the community for truth or veracity or by prior felony convictions, the importance of separating each count and each defendant when considering the evidence, criminal responsibility for acts of another, mere presence at the scene of a crime, and the defense of alibi. When viewing the record as a whole, it is clear the jurors were faced with a credibility choice; they could either believe the government witnesses or the defendants and their witnesses. The jury instruction allowed the jurors to make a fair determination. Third, all of the defendants, except Hattie King, presented alibis covering a span of more than one day. These defendants, therefore, presented alibis covering "on or about" the specified days and were not prejudiced by the "on or about" instruction. Finally, the defendants were allowed to vigorously cross-examine the government's main witness, Anderson, and test her credibility. The jurors were thus able to judge Anderson's credibility and determine if the transactions took place. Since the jurors were fairly presented with this determination, the defendants were not prejudiced by the "on or about" instruction. In that the defendants were not prejudiced by the "on or about" instruc-

2. The portion of the instruction which this court quoted with approval is as follows:

Now, you will note that the Indictment charges that the offense or the complaints or the charges were committed on or about a certain date. It is not necessary that the proof establish with certainty the exact dates of the alleged offense. It is sufficient if the

evidence shows beyond a reasonable doubt that the offense or incident was committed on a date reasonably near or approximating the date alleged.

*United States v. Arteaga-Limones, supra,* at 1194. Note that this language is practically identical to the language used in the district court's jury instruction in the case at bar.

tion, we find the district court did not err in giving the instruction.[3]

■ The defendants' second contention is that the jury verdict was not supported by the evidence. We disagree. The jury was presented with two accounts of what occurred or, from the defendants' point of view, what did not occur. As the defendants point out, many more witnesses testified for the defendants than for the government. The defendants' story, however, does not become more believable than the government's account simply because the defendants presented a greater quantity of witnesses than the government. Obviously, the government is not required to call the same number or a greater number of witnesses than the defense. In fact, "the testimony of a single, uncorroborated eyewitness is generally sufficient to support a conviction." *United States v. Danzey,* 594 F.2d 905, 916 (2d Cir.), *cert. denied,* 441 U.S. 951, 99 S.Ct. 2179, 60 L.Ed.2d 1056 (1979). In this case the jury was well within the realm of reasonableness in deciding to disregard the defendants' stories and accept the facts presented by the government.

■ Third, Hattie and Sonny King charge that the district court erred in allowing cross-examination and rebuttal testimony concerning contacts between Anderson and Sonny and Hattie King which occurred subsequent to June 26, 1981. The trial court did not err. The test set forth by this court in *United States v. Beechum,* 582 F.2d 898, 911 (5th Cir.1978), (en banc),

*cert. denied,* 440 U.S. 920, 99 S.Ct. 1244, 59 L.Ed.2d 472 (1979), for determining the admissibility of extrinsic offenses raises two questions: (1) Whether the evidence is relevant to an issue other than the defendant's character; and (2) Whether the evidence possesses probative value that is not substantially outweighed by its undue prejudice. *United States v. Terebecki,* 692 F.2d 1345, 1348 (11th Cir.1982). This test takes an inclusionary and not an exclusionary approach. Case Comment, Federal Rules of Evidence *Rule 404(b) Limits the Admission of Other Crimes Evidence, Under an Inclusionary Approach to Cases Where It Is Relevant to an Issue in Dispute:* United States v. Manafzadeh, 55 Notre Dame Law. 574, 579 (1980). *See United States v. Terebecki, supra,* at 1349 n. 7. Here the evidence is relevant to an issue other than the character of Hattie and Sonny King. Since the Kings challenged Anderson's identification, evidence of her subsequent contacts with them was probative to the identification issue. Furthermore, after reviewing the evidence, it is evident the probative value of the evidence was not substantially outweighed by any prejudicial effect it may have had. The district court, therefore, did not err in allowing the cross-examination and the rebuttal testimony.

■ The defendants' final assertion, raised by Johnny King, involves the trial court's exclusion of documents, offered by the defense to support the alibi defense, based on failure to provide reciprocal discovery under rule 16[4] of the Federal Rules

---

**3.** The defendants also contended the instruction was in error because it constituted a variance with the proof at trial. We disagree.

Under the instruction the jury could have found the defendants guilty if they found the offenses were committed on days reasonably near April 16, 1981 and June 26, 1981. After reviewing the record, it is clear the proof fell within this time frame and, therefore, no variance existed.

**4.** Federal Rule of Criminal Procedure 16(b)(1)(A) and 16(d)(2) provides:

(b)(1)(A) Documents and Tangible Objects. If the defendant requests disclosure under subdivision (a)(1)(C) or (D) of this rule, upon compliance with such request by the government, the defendant, on request of the

government, shall permit the government to inspect and copy or photograph books, papers, documents, photographs, tangible objects, or copies or portions thereof, which are within the possession, custody or control of the defendant and which the defendant intends to introduce as evidence in chief at the trial.

(d)(2) Failure to Comply With a Request. If at any time during the course of the proceedings it is brought to the attention of the court that a party has failed to comply with this rule, the court may order such party to permit the discovery or inspection, grant a continuance, or prohibit the party from introducing evidence not disclosed, or it may enter such other order as it deems just under the circumstances. The court may specify the

of Criminal Procedure. The government did not make a written demand to the defense for a notice of alibi defense under rule 12.1 [5] of the Federal Rules of Criminal Procedure. The defense did not provide the government with the names of witnesses or with documentary evidence supporting the alibi defense. When the defendant offered documents supporting his alibi defense, the government objected based on failure to provide reciprocal discovery under rule 16. This objection was sustained. Johnny King argues that requiring the defense to produce alibi defense documents under rule 16 would violate the intent of rule 12.1. We disagree.

The purpose of rule 12.1 is to prevent prejudicial surprise to the parties. *United States v. Myers,* 550 F.2d 1036, 1042 (5th Cir.1977), *cert. denied,* 439 U.S. 847, 99 S.Ct. 147, 58 L.Ed.2d 149 (1978). Johnny King's argument is that to require disclosure of alibi evidence under rule 16 would violate the intent of rule 12.1 because it would allow the government to discover that an alibi defense would be presented without making a request for notice of alibi defense. In essence King is stating that discovery of the information under rule 16 would prevent the government from being surprised by an alibi defense. Such a result is in no way contrary to the intent of Congress in adopting rule 12.1; in fact, such was precisely the intent of Congress in adopting rule 12.1. Rule 12.1 clearly does not limit the government's right to reciprocal discovery under rule 16.[6] The district court, therefore, acted properly in excluding the documents.

In light of the discussion above, we affirm the convictions of all defendants as to all counts.

AFFIRMED.

time, place and manner of making the discovery and inspection and may prescribe such terms and conditions as are just.

**5.** Federal Rule of Criminal Procedure 12.1 provides:

(a) Notice by Defendant. Upon written demand of the attorney for the government stating the time, date, and place at which the alleged offense was committed, the defendant shall serve within ten days, or at such different time as the court may direct, upon the attorney for the government a written notice of his intention to offer a defense of alibi. Such notice by the defendant shall state the specific place or places at which the defendant claims to have been at the time of the alleged offense and the names and addresses of the witnesses upon whom he intends to rely to establish such alibi.

(b) Disclosure of Information and Witness. Within ten days thereafter, but in no event less than ten days before trial, unless the court otherwise directs, the attorney for the government shall serve upon the defendant or his attorney a written notice stating the names and addresses of the witnesses upon whom the government intends to rely to establish the defendant's presence at the scene of the alleged offense and any other witnesses to be relied on to rebut testimony of any of the defendant's alibi witnesses.

(c) Continuing Duty to Disclose. If prior to or during trial, a party learns of an additional witness whose identity, if known, should have been included in the information furnished under subdivision (a) or (b), the party shall promptly notify the other party or his attorney of the existence and identity of such additional witness.

(d) Failure to Comply. Upon the failure of either party to comply with the requirements of this rule, the court may exclude the testimony of any undisclosed witness offered by such party as to the defendant's absence from or presence at, the scene of the alleged offense. This rule shall not limit the right of the defendant to testify in his own behalf.

(e) Exceptions. For good cause shown, the court may grant an exception to any of the requirements of subdivision (a) through (d) of this rule.

(f) Inadmissibility of Withdrawn Alibi. Evidence of an intention to rely upon an alibi defense, later withdrawn, or of statements made in connection with such intention, is not admissible in any civil or criminal proceeding against the person who gave notice of the intention.

**6.** Note, that even though the documents were excluded from evidence, generally the information in the documents was presented. Defense counsel was allowed to use the documents to refresh the recollection of witnesses and witnesses testified about the documents. Any prejudice to the defendant, due to the exclusion of the documents, therefore, was minimal.