**Lyle E. NELSON, Appellant,**

v.

**Herman SOLEM, Warden, South Dakota State Penitentiary, Appellee.**

**No. 85–5436.**

United States Court of Appeals, Eighth Circuit.

Submitted May 14, 1986.

Decided June 26, 1986.

Rehearing Denied Aug. 12, 1986.

John A. Schlimgen, Sioux Falls, S.D., for appellant.

Grant Gormley, Deputy Atty. Gen., Pierre, S.D., for appellee.

Before McMILLIAN, Circuit Judge, BRIGHT, Senior Circuit Judge, and BOWMAN, Circuit Judge.

PER CURIAM.

Lyle Nelson appeals from the order of the district court[1] denying his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. We reject the appeal and affirm.

Nelson is presently serving a seventeen-year sentence for grand theft in the South Dakota State Penitentiary. Nelson's efforts to obtain relief from his conviction

---

**1.** The Honorable Donald J. Porter, Chief Judge, United States District Court for the District of South Dakota.

have extended over five years. He unsuccessfully appealed the conviction to the South Dakota Supreme Court, *State v. Nelson*, 310 N.W.2d 777 (S.D.1981), and then filed a petition for habeas relief to the federal district court, *Nelson v. Solem*, Civ. 81–3071 (D.S.D. August 23, 1982), which the district court dismissed for failure to exhaust available state remedies. We affirmed on appeal. *Nelson v. Solem*, 714 F.2d 57 (8th Cir.1983). Nelson subsequently exhausted his state remedies, but to no avail. Thereafter, he filed another petition for a writ of habeas corpus in the federal district court, which the court denied. Nelson, with the assistance of appointed counsel, brought this appeal from the district court's denial of his petition.

On appeal, Nelson contends that the state trial court violated his rights to due process and a fair trial by instructing the jury that the state need not prove the exact date and time of the alleged grand theft. The district court instructed the jury that the state must only prove that the crime occurred "on or about" a specified date. Nelson argues that the district court erred in giving this instruction when accomplice testimony asserted that the crime had occurred on a specific date, and Nelson established an alibi for that date.

Nelson further contends the trial court's instruction on the inference of guilt resulting from Nelson's unexplained possession of recently stolen property unconstitutionally shifted the burden of proof to Nelson by requiring him to explain his possession. Nelson asserts that the challenged instruction also permitted the jury to convict him of grand theft through his mere possession of the stolen property.

The district court, in a thorough and well-reasoned opinion, concluded that the jury instructions did not so "infect[ ] the entire trial that the resulting conviction violate[d] due process." *Henderson v. Kibbe*, 431 U.S. 145, 154, 97 S.Ct. 1730, 1736, 52 L.Ed.2d 203 (1977) (quoting *Cupp v. Naughten*, 414 U.S. 141, 147, 94 S.Ct. 396, 400, 38 L.Ed.2d 368 (1973)). After carefully examining the record, we find no error of law or fact requiring reversal of Nelson's conviction. Therefore, for the reasons set forth in the district court's unpublished decision, we affirm the denial of the petition for writ of habeas corpus. *See* 8th Cir.R. 14.

McMILLIAN, Circuit Judge, concurring.

I concur. I write separately to explain why I agree that, under the circumstances, the giving of an "on or about" instruction was not fundamentally unfair and did not deny Nelson due process.

Nelson argues that because he interposed an alibi defense, the specific date of the offense was material and the state trial court's "on or about" instruction undermined his alibi defense. During the trial, state witness Marcia Long was somewhat confused about the date of the offense, but the state's case was premised upon March 17 as the date of the offense. Nelson presented alibi evidence for March 17. Under these circumstances, I believe that, as a matter of state law, the state trial court should not have given an "on or about" instruction. *See State v. Nelson*, 310 N.W.2d 777, 781–82 (S.D.1981) (Fosheim, J., dissenting) (discussing S.D. Pattern Jury Instruction 1–11–5).

However, this is a petition for a writ of habeas corpus. When considered in the context of the instructions as a whole, I cannot conclude that the erroneous "on or about" instruction by itself "so infected the entire trial that the resulting conviction violates due process." *See Cupp v. Naughten*, 414 U.S. 141, 147, 94 S.Ct. 396, 400, 38 L.Ed.2d 368 (1973). The instructions as a whole clearly placed on the state the burden to prove beyond a reasonable doubt that Nelson was present at the time and place of the alleged offense. Both the state's case and Nelson's alibi were premised upon March 17 as the date of the offense. This is not a case in which the jury could have believed Nelson's alibi and still have believed that he had committed the offense. *Cf. State v. Graves*, 588

S.W.2d 495, 498 (Mo.1979) (banc) (erroneous instruction failing to circumscribe time of offenses did not nullify alibi defense). The jury was squarely confronted with a credibility choice between the state's witnesses and Nelson's alibi witnesses. *See United States v. King*, 703 F.2d 119, 124 (5th Cir.) (direct appeal), *cert. denied*, 464 U.S. 837, 104 S.Ct. 127, 78 L.Ed.2d 123 (1983). Under these circumstances, the giving of the "on or about" instruction was harmless error.

Nelson also argues suprise or lack of notice about the March 18 date. *See* slip op. at 7. Nelson argues he prepared his alibi defense for the date of March 17 on the basis of the date specified in the indictment and the pretrial testimony of state witness Marcia Lord. Nelson argues he also had an alibi for March 18 and, if he had known that the state's evidence would refer to March 18 and that the jury would be permitted to consider both dates pursuant to the "on or about" instruction, he would have presented his alibi defense for March 18 as well.

"[I]t would be grossly unfair to have the government present this case as to a specific date, allow the defendant to structure his defense as to that certain date, and then permit the jury to find that the crime had been committed on some other date." *United States v. Goodrich*, 493 F.2d 390, 394 (9th Cir.1974); *see also United States v. Creamer*, 721 F.2d 342, 344 (11th Cir. 1983); *United States v. King*, 703 F.2d at 124. However, in the present case, as noted by the district court, slip op. at 7, the information contained "on or about" language sufficient to put Nelson on notice that the charge was not limited to a specific date, March 17. In addition, defense counsel thoroughly cross-examined Marcia Lord about the date of the offense and did not request a continuance in order to present additional alibi evidence.

Accordingly, I concur in the affirmance of the denial of the petition for writ of habeas corpus.