Anthony FAWCETT, Petitioner–
Appellant,

v.

Stephen E. BABLITCH, Respondent–
Appellee.

No. 91–3124.

United States Court of Appeals,
Seventh Circuit.

Argued April 3, 1992.

Decided April 29, 1992.

Virginia A. Pomeroy, Office of Public Defender, Milwaukee, Wis. (argued), for petitioner-appellant.

Sharon Ruhly, Asst. Atty. Gen., Wisconsin Dept. of Justice, Madison, Wis. (argued), for respondent-appellee.

Before BAUER, Chief Judge,
EASTERBROOK, Circuit Judge, and
NOLAND, Senior District Judge.*

EASTERBROOK, Circuit Judge.

Anthony Fawcett is on probation following his conviction on two charges of sexual contact with a minor. The sentence was two years' imprisonment on the first charge followed by ten years' probation on the second. Wisconsin's court of appeals affirmed, *State v. Fawcett*, 145 Wis.2d 244, 426 N.W.2d 91 (1988), and by the time the state's supreme court declined to review the case, the imprisonment was over. More than two years after he walked out of prison, Fawcett began this collateral attack under 28 U.S.C. § 2254.

* Honorable James E. Noland, of the Southern   District of Indiana, sitting by designation.

■ Section 2254 authorizes challenges to custody, and Fawcett was not "in custody" on the first conviction when he commenced this case. *Maleng v. Cook*, 490 U.S. 488, 109 S.Ct. 1923, 104 L.Ed.2d 540 (1989). Probation is a form of custody, so Fawcett has satisfied the statutory requirement for challenging the second conviction. May he contest the first as well, given that knocking out the first conviction would lead to earlier release from the current, consecutive, sentence? Wisconsin contends that he may not, that once custody under a conviction ends so does all opportunity to attack the validity of that conviction. A series of cases in this court stands in opposition. *Lowery v. McCaughtry*, 954 F.2d 422 (7th Cir.1992); *Clay v. Bronnenberg*, 950 F.2d 486 (7th Cir.1991); *Crank v. Duckworth*, 905 F.2d 1090 (7th Cir.1990); *Lowery v. Young*, 887 F.2d 1309 (7th Cir. 1989). Each of these opinions concludes that a person serving a sentence that has been enhanced because of a prior conviction may challenge the validity of that conviction by litigation against his current custodian. To be sure, *Lowery* and similar cases involved recidivist enhancements, but a consecutive sentence uses the first conviction to postpone release on the second. Accordingly, "a prisoner serving consecutive sentences is 'in custody' under any one of them for purposes of" collateral attack. *Peyton v. Rowe*, 391 U.S. 54, 67, 88 S.Ct. 1549, 1556, 20 L.Ed.2d 426 (1968).

Fawcett contends that his convictions violate the requirement in the sixth amendment that the accused "be informed of the nature and cause of the accusation". He relies on many cases that interpret the indictment clause of the fifth amendment. But *Hurtado v. California*, 110 U.S. 516, 4 S.Ct. 111, 28 L.Ed. 232 (1884), which holds that the indictment clause does not apply to the states, has never been questioned, and Fawcett does not complain that the state proceeded against him in this very case by information rather than indictment. Arguments pro and con about the requisites of indictments therefore do not matter. The portion of the sixth amendment that Fawcett invokes is a complement to the indictment clause, and at all events adds little to the requirement of the fourteenth amendment itself: that no state shall "deprive any person of life, liberty, or property, without due process of law". Due process means notice and an opportunity to respond. Notice must be sufficient to make the opportunity useful. We therefore take this as a straight due process case in which the accused contends that inadequate notice led to a trial with an unacceptable risk of convicting the innocent.

Wisconsin originally charged Fawcett with unlawful sexual contact with M.S., who was ten at the time, on December 7, 1985. Fawcett produced an alibi: a priest testified at the preliminary hearing that Fawcett had been on a religious retreat in Chicago from the evening of December 6 through the afternoon of December 8. Back to the drawing board. The state eventually charged Fawcett with two events of unlawful sexual contact with M.S. "during the six months preceeding [sic] December A.D. 1985". (We disregard intermediate versions of the charges.) It is harder to come up with an alibi for a six-month period than for a day. At trial Fawcett's lawyer did not offer an alibi but challenged M.S.'s veracity and memory, particularly contending that M.S.'s description of the place where the events occurred showed that he could not have been in Fawcett's apartment.

■ *Holesome v. State*, 40 Wis.2d 95, 161 N.W.2d 283 (1968), adopts for Wisconsin the same approach the Supreme Court articulated in *United States v. Mills*, 32 U.S. (7 Pet.) 138, 142, 8 L.Ed. 636 (1833), and reaffirmed in *Hamling v. United States*, 418 U.S. 87, 117, 94 S.Ct. 2887, 2907, 41 L.Ed.2d 590 (1974): a charge is sufficiently specific when it contains the elements of the crime, permits the accused to plead and prepare a defense, and allows the disposition to be used as a bar in a subsequent prosecution. See also, e.g., *United States v. Cruikshank*, 92 U.S. 542, 557–58, 23 L.Ed. 588 (1876). The prosecutor took care of the last of these elements by stipulating that Fawcett would be immune from further prosecution for any sexual contact with M.S. during the entire six-

month period. Fawcett prefers the approach of *People v. Morris*, 61 N.Y.2d 290, 473 N.Y.S.2d 769, 461 N.E.2d 1256 (1984), which calls for an open-ended inquiry into the reasons why the charge was drafted as it was and the effects on the defendant. Could the prosecutor have been more specific? If so, *Morris* holds, he must be. Fawcett refers to this as a "balancing test," but it is not a "test" so much as it is an agenda for inquiry.

Federal courts engaged in collateral review of state judgments do not superintend the "reasonableness" of prosecutors' conduct or state judges' decisions. E.g., *Estelle v. McGuire*, — U.S. —, 112 S.Ct. 475, 116 L.Ed.2d 385 (1991) (collecting authority). *Morris*, which sets judges peering over prosecutors' shoulders, is a fuzzy approach dominated by subjective considerations. *Hamling*, by contrast, looks at matters objectively: did the charge enable an innocent accused to mount an adequate defense? That the prosecutor may have a hard time framing a charge that allows an adequate defense is no reason to cut down the protections accorded to suspects. If, say, M.S. had no idea where within a five-year period the events took place, the *Morris* approach might allow the prosecutor to use a five-year span even if that destroyed any possibility of an adequate defense. The *Hamling* approach would bar such a vague charge—but if the charge is specific enough to allow a defense, the prosecutor's ability to do better does not vitiate the conviction. *Hamling*'s is much the preferable approach, and not only because it emanates from a court superior to this one and has a secure provenance. Freedom from subjective elements makes the approach administrable and prevents federal judges from usurping functions committed to states; the objective, defendant-centered approach protects suspects in hard cases.

According to the information, Fawcett offered M.S. sweets plus an opportunity to visit the parakeet at his apartment, and during the visits he fondled M.S.'s penis and induced M.S. to return the attention. These allegations enabled Fawcett to defend. He could test M.S.'s veracity and memory; he could deny participation. M.S. said that he visited Fawcett many times from summer 1985 through the end of the year but could not remember the dates on which sexual contact occurred. True enough, it is hard to provide an alibi for a six-month period, or even for all the weekends during that time (M.S. testified that he saw Fawcett on weekends and during vacations from school). But six weeks would be little better than six months for this purpose. Although he did not testify at trial, Fawcett could have supplemented the record with an affidavit describing his whereabouts during the weekends in question. He did not. For all we can see, the *only* day for which he had an alibi was December 7, so that charges spanning six months, six weeks, or six days would have been all the same. Wisconsin afforded Fawcett notice sufficient to permit him to defend against the charge.

AFFIRMED.