UNITED STATES, Appellee

v.

Ricky L. WILLIAMS, Staff Sergeant
U.S. Marine Corps, Appellant.

No. 93–1060.

CMR No. 91 0932.

U.S. Court of Military Appeals.

Argued May 31, 1994.

Decided Sept. 19, 1994.

For Appellant: *Lieutenant David P. Sheldon*, JAGC, USNR (argued).

For Appellee: *Lieutenant S.J. Coaty*, JAGC, USNR (argued); *Colonel T.G. Hess, USMC, and Commander S.A. Stallings, JAGC, USN* (on brief); *Major Laura L. Scudder, USMC.*

*Opinion of the Court*

SULLIVAN, Chief Judge:

On various dates from May through October 1990, appellant was tried by a general court-martial composed of officer and enlisted members at Quantico, Virginia. Contrary to his pleas, he was found guilty of committing indecent acts and sodomy with a 6–year-old girl and orally communicating indecent language to her, in violation of Articles 134

and 125, Uniform Code of Military Justice, 10 USC §§ 934 and 925, respectively. He was sentenced to a dishonorable discharge, confinement for 3 years, and reduction to pay grade E–1. On March 25, 1991, the convening authority approved the sentence. The Court of Military Review affirmed the findings and the sentence on May 26, 1993, in an unpublished opinion.

On December 1, 1993, this Court granted review of the following issue:[1]

WHETHER ALLEGATION OF THE CHARGES OVER A TWO–MONTH PERIOD, WHEN THE CHARGES PURPORTEDLY AROSE OUT OF A SINGLE OCCURRENCE, AND THE MILITARY JUDGE'S DENIAL OF THE BILL OF PARTICULARS, VIOLATED APPELLANT'S FIFTH AND SIXTH AMENDMENT RIGHTS BY DENYING APPELLANT ADEQUATE SPECIFICITY TO ALLOW AN ALIBI DEFENSE.

We sustain the holding of the Court of Military Review that the challenged specifications were not unconstitutionally vague— *Hamling v. United States*, 418 U.S. 87, 94 S.Ct. 2887, 41 L.Ed.2d 590 (1974); and that they did not infringe on appellant's Sixth Amendment right to present a defense— *Fawcett v. Bablitch*, 962 F.2d 617 (7th Cir. 1992).

Appellant was charged, *inter alia*, as follows:

[Charge I]

SPECIFICATION: In that [appellant] did, at Quarters 914–I Moyer Road, Fort Belvoir, Virginia, *during September 1988 to October 1988*, attempt to commit sodomy with [C], a child under the age of 16 years, by force and without the consent of the said [child], by placing his penis against the said [child]'s anus.

[Charge II]

SPECIFICATION: In that [appellant] did, at Quarters 914–I Moyer Road, Fort Belvoir, Virginia, *during September 1988 to October 1988*, commit sodomy with [C], a child under the age of 16 years, by force and without the consent of the said [child].

[Charge III]

SPECIFICATION 1: In that [appellant] did, at Quarters 914–I Moyer Road, Fort Belvoir, Virginia, *during September 1988 to October 1988*, orally communicate to [C], a child under 16 years of age, certain indecent language, to wit: "Suck my dick," or words to that effect.

(Emphasis added.)

The following evidence was introduced during appellant's court-martial concerning these charges. The mother of a 6–year–old child C testified that a 15–month relationship developed between her and appellant. As it progressed, he began going to her house after his work shift ended, about 0100, and spending the night. He would do this "several times a week." The mother further testified that he would still be sleeping in the master bedroom after she had left for work and, at this same time, the child C would still be in the house getting ready for and then going to school. Both the mother and the child testified that, in the course of getting ready for school, the child usually had to go into the master bedroom to get socks which were kept there in a dresser.

The child C testified that one morning, when she went in to get socks, she initiated a "name calling game" by telling appellant "that he stinks." After a couple rounds of name calling, appellant insisted the child perform oral sodomy on him, which she did. She testified that he then attempted to perform anal sodomy on her. She did not report this incident until almost a year later. She testified that the incident occurred while there were "different color leaves ... on the ground," that she was wearing a "pink sweatsuit" to school that day, and that it was before Halloween. She was unable to recall a specific date or make the time period any

1. The Court also granted review of the following issue:

DOES THE JUDGE ADVOCATE GENERAL OF THE NAVY'S PREPARATION OF THE NAVY–MARINE CORPS COURT OF MILITARY REVIEW JUDGES' FITNESS REPORTS DEPRIVE THAT COURT OF ITS INDEPENDENCE AND THE APPEARANCE OF INDEPENDENCE?

This issue was disposed of in favor of the Government in *United States v. Mitchell*, 39 MJ 131 (CMA), *cert. denied*, ___ U.S. ___, 115 S.Ct. 200, 130 L.Ed.2d 131 (1994).

more specific on cross-examination. Appellant took the stand and denied these sexual acts occurred.

— — —

■ As a starting point we note that appellant in the granted issue assumes as fact "THE MILITARY JUDGE'S DENIAL OF THE BILL OF PARTICULARS." He further argues that "[t]he issue presented in this case is a question of whether the trial judge abused [her] discretion in not granting a motion for a bill of particulars." Final Brief at 1. We have examined the record of trial and find no motion specifically requesting a bill of particulars or any ruling by the

judge denying such a request. *See* RCM 906(b)(6) and (b)(4), Discussion, Manual for Courts–Martial, United States, 1984.[2] We do, however, find in the record a motion "to strike or dismiss all the charges" and allegations in this case "for being vague and failing to allege a specific offense in that the allegations do not indicate specific dates when the offense or offenses were allegedly committed by the Accused." App. Ex. I. *See* RCM 907.[3] It is the judge's decision on this motion which is before us for review.[4]

■ Appellant's initial claim is that he had a Fifth Amendment right to have the charges against him state the exact date of his al-

---

**2. Rule 906. Motions for appropriate relief.**

(a) *In general.* A motion for appropriate relief is a request for a ruling to cure a defect which deprives a party of a right or hinders a party from preparing for trial or presenting its case.

(b) *Grounds for appropriate relief.* The following may be requested by motion for appropriate relief. This list is not exclusive.

\* \* \*

(4) Amendment of charges or specifications. A charge or specification may not be amended over the accused's objection unless the amendment is minor within the meaning of RCM 603(a).

**Discussion**

A bill of particulars (see subsection (b)(6) of this rule) may also be used when a specification is indefinite or ambiguous.

If a specification, although stating an offense, is so defective that the accused appears to have been misled, the accused should be given a continuance upon request, or, in an appropriate case (*see* RCM 907(b)(3)), the specification may be dismissed.

\* \* \*

(6) Bill of particulars. A bill of particulars may be amended at any time, subject to such conditions as justice permits.

**Discussion**

The purposes of a bill of particulars are to inform the accused of the nature of the charge with sufficient precision to enable the accused to prepare for trial, to avoid or minimize the danger of surprise at the time of trial, and to enable the accused to plead the acquittal or conviction in bar of another prosecution for the same offense when the specification itself is too vague and indefinite for such purposes.

A bill of particulars should not be used to conduct discovery of the Government's theory of a case, to force detailed disclosure of acts underlying a charge, or to restrict the Government's proof at trial.

A bill of particulars need not be sworn because it is not part of the specification. A bill of particulars cannot be used to repair a specification which is otherwise not legally sufficient.

---

**3. Rule 907. Motions to dismiss**

(a) *In general.* A motion to dismiss is a request to terminate further proceedings as to one or more charges and specifications on grounds capable of resolution without trial of the general issue of guilt.

\* \* \*

(b) *Grounds for dismissal.* Grounds for dismissal include the following—

\* \* \*

(3) *Permissible grounds.* A specification may be dismissed upon timely motion by the accused if:

(A) The specification is so defective that it substantially misled the accused, and the military judge finds that, in the interest of justice, trial should proceed on remaining charges and specifications without undue delay.

4. The decision to grant or deny a motion for a bill of particulars is within the sound discretion of the judge. *Will v. United States*, 389 U.S. 90, 98–99, 88 S.Ct. 269, 275–76, 19 L.Ed.2d 305 (1967); *Wong Tai v. United States*, 273 U.S. 77, 82, 47 S.Ct. 300, 302, 71 L.Ed. 545 (1927). To establish an abuse of this discretion requiring reversal, appellant must show actual surprise or prejudice at trial. *United States v. Mobley*, 31 MJ 273 (CMA 1990); *accord United States v. Salisbury*, 983 F.2d 1369 (6th Cir.1993); *United States v. Stephenson*, 924 F.2d 753, 762 (8th Cir.), *cert. denied,* — U.S. ——, 112 S.Ct. 321, 116 L.Ed.2d 262 (1991); *United States v. Paiva*, 892 F.2d 148, 154, 155 (1st Cir.1989); *cf. United States v. Hunt*, 37 MJ 344, 347–48 (CMA 1993). This standard is not unrelated to that employed by us to resolve his Sixth Amendment claim in this case.

leged offenses. *See Kogan v. People,* 756 P.2d 945, 953–54 (Colo.1988). In determining whether an indictment is sufficiently specific, the traditional test[5]

> is not whether it could have been made more definite and certain, but whether it contains the elements of the offense intended to be charged, and sufficiently apprises the defendant of what he must be prepared to meet; and, in case any other proceedings are taken against him for a similar offense, whether the record shows with accuracy to what extent he may plead a former acquittal or conviction.

*United States v. Schwarz,* 15 MJ 109, 111 (CMA 1983), *quoting United States v. Sell,* 3 USCMA 202, 206, 11 CMR 202, 206 (1953); *see Hamling v. United States,* 418 U.S. at 117, 94 S.Ct. at 2907. Courts have consistently held that unless the date is an essential element of the offense, an exact date need not be alleged. *Ledbetter v. United States,* 170 U.S. 606, 612, 18 S.Ct. 774, 776, 42 L.Ed. 1162, 1164 (1898); *United States v. Turner,* 975 F.2d 490, 494 (8th Cir.1992), *cert. denied,* ––– U.S. –––, 113 S.Ct. 1053, 122 L.Ed.2d 360 (1993); *United States v. King,* 703 F.2d 119, 124 (5th Cir.), *cert. denied,* 464 U.S. 837 and 464 U.S. 845, 104 S.Ct. 127, 78 L.Ed.2d 123 and 464 U.S. 845, 104 S.Ct. 148, 78 L.Ed.2d 138 (1983). *See also United States v. Hunt,* 37 MJ 344, 347–48 (CMA 1993) (accepted use of "on or about" rather than alleging an exact date), *cert. denied,* ––– U.S. –––, 114 S.Ct. 1052, 127 L.Ed.2d 374 (1994). We hold that, since neither Article 125 nor 134 of the Code makes time a material element for appellant's criminal offenses, no Fifth Amendment violation occurred in this case.

■ Appellant nevertheless contends that these specifications violated his Sixth Amendment right to present a defense. In particular he asserts that they describe alleged misconduct occurring sometime within a 60–day window, and thus he was precluded from putting forth an alibi defense. We note initially that appellant made no proffer whatsoever of any alibi evidence which he might introduce in this case.

In *Fawcett v. Bablitch,* 962 F.2d at 618, 619, a criminal defendant was charged with two incidents of unlawful sexual contact with a 10–year old boy. Originally the Government specified a date on which this molestation occurred. When the accused produced an alibi, the state revised its charges, eventually alleging a 6–month period in which the molestation was to have occurred. The court acknowledged that providing an alibi for a 6–month period might be difficult. Nonetheless, noting that defendant could and did test the victim's memory and veracity, the court held that that appellant was afforded sufficient opportunity and means to defend against the charges. *See United States v. King, supra; United States v. Arteaga–Limones,* 529 F.2d 1183, 1193 (5th Cir.), *cert. denied,* 429 U.S. 920, 97 S.Ct. 315, 50 L.Ed.2d 286 (1976); *cf. United States v. Neuroth,* 809 F.2d 339 (6th Cir.), *cert. denied,* 482 U.S. 916, 107 S.Ct. 3190, 96 L.Ed.2d 678 (1987); *Nelson v. Solem,* 795 F.2d 636, 637–38 (8th Cir.1986) (McMillian, J., concurring) (error to give "on or about" instruction where both Government and defense offer evidence on a date certain), *cert. denied,* 480 U.S. 908, 107 S.Ct. 1353, 94 L.Ed.2d 523 (1987).

Similarly, appellant, well before trial, was informed by the charges that the alleged offenses occurred "during September 1988 to October 1988." Thus, he knew that the Government was going to focus on those months as opposed to the remaining 13 months during which appellant lived in the child's house. *See United States v. King,* 703 F.2d at 124. Moreover, defense counsel's thorough cross-examination shows appellant took full advantage of his opportunity to test the victim's memory and veracity, particularly concerning her confusion over the time of the alleged offenses. *See United States v. Arteaga–Limones, supra.* Finally, as noted above, appellant made no proffer as to any purported alibi evidence which he had. *Fawcett v.*

---

**5.** Appellant urges us to adopt a more demanding test for determining the specificity of child-abuse charges. *See generally Fawcett v. Bablitch,* 962 F.2d 617 (7th Cir.1992); *"Reasonable Particularity"* in *Indictments Against Child Abusers,* 49 Md.L.Rev. 1008 (1990). Such a request was not made at trial, and we are not inclined to entertain it on the basis of the record before us.

*Bablitch,* 962 F.2d at 619; *United States v. Diecidue,* 603 F.2d 535, 563 (5th Cir.1979), *cert. denied,* 445 U.S. 946, 100 S.Ct. 1345, 63 L.Ed.2d 781 (1980). Accordingly, we conclude that the specifications as drafted and proved did not preclude appellant from presenting any defense at trial.

The decision of the United States Navy–Marine Corps Court of Military Review is affirmed.

Judges COX, CRAWFORD, GIERKE, and WISS concur.