142 F.3d 441
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
United States of America, Plaintiff-Appellee,
v.
William PRADELSKI, Defendant-Appellant.
 No. 97-2453.
 United States Court of Appeals,
Seventh Circuit.
 .
Argued Mar. 4, 1998.
Decided Mar. 23, 1998.
 
 Appeal from the United States District Court for Northern District of Illinois, Eastern Division. No. 96 CR 607 George W. Lindberg, Judge.
 Before Hon. WALTER J. CUMMINGS, Hon. JESSE E. ESCHBACH, Hon. DANIEL A. MANION, Circuit Judges.
 
 ORDER
 
 1
 A jury found William Pradelski guilty of one count of money laundering and sentenced him to 46 months' imprisonment. Pradelski appeals his conviction, arguing that the district court's failure to include a jury instruction regarding "the intent to avoid a transaction reporting requirement" prong of 18 U.S.C. § 1956(a)(3) was plainly erroneous and violated his rights under the Fifth and Sixth Amendments of the Constitution. We affirm.
 
 
 2
 In 1991, Pradelski was a real estate broker. In May of that year, a cocaine dealer named Sam Gibson was arrested and charged with possession of cocaine. Gibson agreed to become a police informant and to provide the police with the names of people he believed to be drug dealers and/or money launderers. Gibson mentioned Pradelski as a possible money launderer. Between June and October of 1991, Pradelski and Gibson repeatedly met and discussed money laundering. Gibson then introduced Pradelski to Terry Johnson, an undercover IRS agent posing as a drug dealer. Johnson told Pradelski that he wanted between $25,000 and $50,000 of "his" drug money "cleaned up." Pradelski said he could do the job. On October 10, 1991, Gibson and Johnson gave Pradelski $25,000. Pradelski went to several banks in the Mokena, Illinois area and bought cashier's checks. All of the checks were in amounts under $10,000. A bank must file currency transaction reports for transactions of $10,000 or more. The next day, Pradelski accepted another $20,000 from Johnson and bought more cashier's checks in amounts less than $10,000.
 
 
 3
 Five years after the events described above, a grand jury handed-down a three count indictment against Pradelski. Count One of the indictment charged him with violating 18 U.S.C. § 1956(a)(3)(B) and (C) (the "money laundering statute"); specifically, that he had "the intent to conceal and disguise the nature, source, ownership, and control of property represented by law enforcement authorities to be the proceeds of specified unlawful activity" and "the intent to avoid a transaction reporting requirement under federal law."[1]
 
 
 4
 The case against Pradelski proceeded to trial in 1997. After the defense had rested, the court conferred with the parties regarding jury instructions. At this conference, Pradelski's counsel stated that he "agreed to all of the instructions" and had no objections whatsoever. Indeed, defense counsel stated that he believed the instructions stated "perfectly" the elements of the charges. The court then instructed the jury that in order to find Pradelski guilty on Count One, it had to find a violation of the "intent to conceal and disguise" prong of the money laundering statute. The instructions made no reference to an "intent to avoid a transaction reporting requirement." The jury then found Pradelski guilty on Count One but not guilty on Counts Two and Three.
 
 
 5
 Pradelski argues on appeal that the district court's failure to instruct the jury as to the transaction reporting requirement prong of the money laundering statute violated his Fifth Amendment right to be tried only on those charges returned by the grand jury. Because Pradelski failed to object to the absence of the instruction to the district court, our review of this matter is limited to plain error. United States v. Maloney, 71 F.3d 645, 663 (7th Cir.1995). Under the plain error standard, this court will reverse only those errors that " 'seriously affect the fairness, integrity, or public reputation of the judicial proceedings." ' United States v. Olano, 507 U.S. 725, 732, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993) (quoting United States v. Young, 470 U.S. 1, 15, 105 S.Ct. 1038, 84 L.Ed.2d 1 (1985)); United States v. Bauer, 129 F.3d 962, 964 (7th Cir.1997).
 
 
 6
 Pradelski's Fifth Amendment argument is comprised of two sub-arguments. First, he contends that because the indictment used the conjunctive "and" when listing the two bases upon which he could be found guilty of money laundering, the district court erred in not instructing the jury as to both of these bases. This argument is unavailing. It is well-settled in this circuit that "where a statute defines two or more ways in which an offense may be committed, all may be alleged in the conjunctive in one count in order to adequately apprise the defendant of the government's intention to charge him under either prong of the statute." United States v. LeDonne, 21 F.3d 1418, 1427 (7th Cir.1994). Moreover, when a jury returns a guilty verdict on an indictment charging several acts in the conjunctive, the general rule is that the verdict will be upheld if the evidence presented is sufficient with respect to any of the acts charged. Turner v. United States, 396 U.S. 398, 420, 90 S.Ct. 642, 24 L.Ed.2d 610 (1970); United States v. Durman, 30 F.3d 803, 810 (7th Cir.1994). Here, the jury heard sufficient evidence regarding Pradelski's intent to violate one of the forms of money laundering set forth in the indictment to permit his conviction.
 
 
 7
 Pradelski's second Fifth Amendment argument is that the court's failure to instruct the jury regarding the transaction reporting requirement impermissibly broadened the indictment. In fact, by omitting the relevant instruction, the court actually narrowed, not broadened, the indictment. Although generally "an indictment may not be 'amended except by resubmission to the grand jury," ' United States v. Leichtnam, 948 F.2d 370, 376 (7th Cir.1991) (quoting Russell v. United States, 369 U.S. 749, 770, 82 S.Ct. 1038, 8 L.Ed.2d 240 (1962)), there are two established exceptions. The first exception covers changes that are merely a matter of form. Id. The second exception, which is directly applicable here, permits charges submitted to a jury to "wind up being simply a more limited version of the charges of the indictment." Id. at 377. This kind of amendment is deemed to narrow harmlessly the indictment because "[n]o offense not charged in the original indictment has been added, and no possible basis for conviction not contained in the original indictment has been created." Id. In this case, because both bases of conviction were set forth in the indictment, the omission of a jury instruction regarding the transaction reporting requirement harmlessly narrowed the indictment.
 
 
 8
 In support of his broadening argument, Pradelski relies on our circuit's United States v. Leichtnam, 948 F.2d at 370 as well as United States v. Cancelliere, 69 F.3d 1116 (11th Cir.1995). Neither case is applicable here. In Leichtnam, the change from "Mossberg rifle" to "a firearm" broadened the indictment because it allowed the defendant to be convicted of possession of a firearm even if the evidence did not prove that he possessed a Mossberg rifle. But in this case, there was no broadening because the omission did not somehow permit the jury to convict Pradelski on charges other than those set forth in the indictment.
 
 
 9
 Pradelski fares no better under Cancelliere. In Cancelliere, the indictment included allegations of "willfulness," even though the statute required only the lesser intent of "knowing." The defendant objected during trial to striking "willfully" from the indictment and to the omission of "willfully" from the jury instructions. We note that in Pradelski's case there was no objection at trial. We also point out that Pradelski's argument ignores the second recognized exception to the prohibition against amending an indictment. Harmless narrowing occurs "when a single count of an indictment charges more than one commission of the same offense (or more than one way of committing it ) yet ... the instructions to the jury ... cover only one." Leichtnam, 948 F.2d at 376 (7th Cir.1991) (emphasis added). Whereas in Cancelliere the indictment heightened the statutory intent requirement, here the indictment simply charged more than one statutory way of committing the offense.
 
 
 10
 Pradelski not only failed to object to the jury instructions, but he also affirmatively stated that the instructions captured "perfectly" the elements of the crime of money laundering. Indeed, this statement constitutes an affirmative waiver that may actually bar Pradelski from contesting the contents of the jury instructions. See United States v. Ewings, 936 F.2d 903, 909 (7th Cir.1991). Nevertheless, we have not chosen to affirm on the basis of affirmative waiver.
 
 
 11
 Pradelski's next argument is that the failure to give a transaction reporting requirement instruction violated his Sixth Amendment right to notice of the charges against him; his Fifth Amendment right to prepare an adequate defense; and his Fifth Amendment right to due process. Pradelski's Sixth Amendment right to notice and his Fifth Amendment right to prepare an adequate defense arguments fail because the indictment notified him of the charges against him and provided him with ample opportunity to prepare a proper defense. While Pradelski contends that the use of the conjunctive "and" in the indictment misled him, the very reason for using the conjunctive in his indictment was to "apprise [him] of the government's intention to charge him under either prong of the statute." LeDonne, 21 F.3d at 1427. Pradelski's mistaken belief that he could avoid conviction by disproving one of the bases of conviction listed in the indictment does not support a claim of inadequate notice and an inability to craft an adequate defense. As stated by the Supreme Court in Miller, 471 U.S. at 134: "[t]he facts proved at trial clearly conformed to one of the theories of the offense contained within the indictment .... Competent defense counsel certainly should have been on notice that the offense was charged and would need to be defended against. Accordingly, there can be no showing here that [the defendant] was prejudicially surprised at trial by the absence of proof." Pradelski's due process argument is also without merit. Because Pradelski received adequate notification of the charges against him, there is no merit to his contention that he was deprived of liberty without notice and a meaningful opportunity to defend himself. See Fawcett v. Bablitch, 962 F.2d 617, 618 (7th Cir.1992).
 
 
 12
 For the foregoing reasons, the judgment of the district court is AFFIRMED.
 
 
 
 [1]
 18 U.S.C. § 1956(a)(1) prohibits certain transactions of ill-gotten proceeds with either of two intents. One may not conduct the transaction "knowing the transaction is designed in whole or in part--(i) to conceal or disguise the nature, the location, the source, the ownership, or the control of the proceeds of specified unlawful activity; or (ii) to avoid a transaction reporting requirement under State or Federal law." Id. (emphasis added)