**UNITED STATES, Appellee,**

v.

**Captain Timothy A. HARRIS, United
States Army, Appellant.**

**ARMY 9700640.**

U.S. Army Court of Criminal Appeals.

18 Jan. 2000.

For Appellant: Captain Katherine A. Leh-
mann, JA (argued); Colonel John T. Phelps
II, JA; Colonel Adele H. Odegard, JA; Ma-
jor Leslie A. Nepper, JA; Captain John C.
Einstman, JA (on brief); Major Jonathan F.
Potter, JA.

For Appellee: Major Patricia A. Ham, JA (argued); Colonel Russell S. Estey, JA (on brief).

Before MERCK, Senior Judge, CASIDA, and TRANT, Appellate Military Judges.

## OPINION OF THE COURT

CASIDA, Judge:

A general court-martial composed of officer members convicted appellant, contrary to his pleas, of carnal knowledge (one specification) and indecent acts with a child (six specifications), in violation of Articles 120 and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 920 and 934 [hereinafter UCMJ]. The approved sentence was a dismissal and confinement for five years.

This case is before the court for automatic review under Article 66, UCMJ. We have considered the record of trial, appellant's ten assignments of error, the Government's reply thereto, the matters personally raised by appellant pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A.1982), and the oral arguments of counsel. While several issues merit discussion, none warrant corrective action.

### BACKGROUND

Appellant's stepdaughter, L., was born on 30 January 1984. On 7 August 1996, she executed a sworn statement to an agent of the Criminal Investigation Command (CID) detailing a history of sexual abuse inflicted upon her by appellant. The statement related numerous incidents that occurred between 1993 and 1996 at their various residences at Fort Carson, Colorado; Camp Carrol, Korea; Augusta, Georgia; and Mount Holly Springs, Pennsylvania. Appellant made two incriminating written statements during the CID investigation. Charges were preferred and investigated under the provisions of Article 32, UCMJ. At the Article 32 investigation, L.'s testimony was generally consistent with her CID statement, but contained less detail. Subsequent to the investigation, and prior to trial, in two sworn statements, L. recanted all the allegations against appellant.

At trial, L. denied the truth of each factual allegation of misconduct she had made earlier. She stated that she had invented all the allegations to cause her mother, appellant's spouse, to leave appellant because he was a strict disciplinarian. At the request of trial counsel, the military judge admitted L.'s CID statement and a verbatim transcript of her testimony at the Article 32 investigation, both as substantive evidence.

### DISCUSSION OF SELECTED ASSIGNMENTS OF ERROR

I. WHETHER ALLEGATION OF A CHARGE OVER A TWENTY–THREE–MONTH PERIOD, WHEN THE CHARGE PURPORTEDLY AROSE OUT OF A SINGLE OCCURRENCE, AND THE MILITARY JUDGE'S DENIAL OF A REQUEST FOR A BILL OF PARTICULARS, VIOLATED APPELLANT'S FIFTH AND SIXTH AMENDMENT RIGHTS BY DENYING HIM ADEQUATE SPECIFICITY TO ALLOW POTENTIAL DEFENSES, AFFIRMATIVE AND OTHERWISE. [FOOTNOTE OMITTED]

On the original charge sheet, two specifications under Charge I alleged that appellant had attempted to rape L. on two occasions. Specification 1 alleged an attempted rape at or near Camp Carrol between 20 January 1994 and 15 December 1995;[1] appellant was acquitted of the second specification and it is not now at issue. The attempted rape charges were based upon L.'s allegation that, during two incidents of sexual contact, appellant had attempted to penetrate her vagina with his penis, that she objected and resisted physically, and that appellant had then desisted in his efforts. She also stated that, on numerous occasions, appellant placed his penis between the "flaps" of her vagina ("like a hot dog in a hot dog bun") and "humped" her (moving his penis back and forth). To some extent, appellant's statements corroborate this allegation.

1. Eventually, the members convicted appellant of the lesser-included offense of indecent acts.

During the Article 32 investigation, the investigating officer concluded that there was evidence that appellant's penis had penetrated L.'s vagina, and he recommended that the attempted rape charges be replaced by charges of consummated rape. Consequently, the accuser preferred the Additional Charge with two specifications of rape, with the factual averments being identical to the original specifications. Original Charge I and its specifications were dismissed; the Additional Charge and its specifications were then referred to court-martial, along with other charges.

By motion dated 1 April 1997, four months after the first court session was held under Article 39(a), UCMJ, appellant requested that Specification 1 of the Additional Charge be dismissed because it alleged misconduct occurring sometime within a twenty-three-month period. In the alternative, appellant requested a bill of particulars giving notice of a specific date and specific acts for the specification. The trial counsel responded that L. was unable to be more specific as to the date of the occurrence. The time alleged in the specification covered virtually the entire time the family lived at Camp Carrol, Korea.

During oral argument on the motion, appellant argued that he was being deprived of the opportunity to put forth appropriate defenses, specifically citing alibi, because of the extensive time period alleged in the specification. The military judge denied both the motion to dismiss and the motion to make the specification more specific. He found that the government had provided as much specificity as it was able, that the defense had sufficient notice of what it had to defend against, and that the date of the occurrence was not an element of the offense.

On appeal, appellant argues that the specification was so vague, as to the time of the alleged offense, as to deprive him of due process under the Fifth Amendment of the Constitution, and that it denied him an opportunity to develop and present possible defenses, especially alibi, in violation of the Sixth Amendment. We note that a request for a bill of particulars has constitutional implications, as it is intended to avoid unfair vagueness in a charge and potential conse-

quent due process and double jeopardy violations. *See* Rule for Courts–Martial 906(b)(6) discussion.

In *United States v. Williams,* 40 M.J. 379 (C.M.A.1994), our superior court faced the same issue under somewhat similar facts. Therein, a child reported, about a year after the fact, that the accused had committed sexual acts upon her. She stated that the incident had occurred before Halloween and that different colored leaves were on the ground. As no further specificity was possible, the acts were charged "between September and October 1988" and the accused was required to defend at trial charged with an act that had occurred at a specific point in time, but was alleged to have occurred sometime within a two-month period.

Citing *Ledbetter v. United States,* 170 U.S. 606, 612, 18 S.Ct. 774, 42 L.Ed. 1162 (1898) and numerous other Federal cases, the court in *Williams* pointed out that, unless the date is an essential element of the offense, an exact date need not be alleged. Relying on *United States v. Schwarz,* 15 M.J. 109 (C.M.A.1983) and *Hamling v. United States,* 418 U.S. 87, 117, 94 S.Ct. 2887, 41 L.Ed.2d 590 (1974), the court stated the traditional, three-part test for determining whether a charge is sufficiently specific to withstand a due process challenge: (1) whether the specification contains the elements of the offense intended to be charged, (2) whether it sufficiently apprises the accused of what he must be prepared to meet, and (3) whether the accused is protected from subsequent prosecution for the same act or acts (other citations omitted). *See Williams,* 40 M.J. at 382. The court held that, since neither of the charges in that case had time as a material element of the offense, no Fifth Amendment violation occurred. We hold similarly in this case. The date was not an element of the offense here. The specification, when read in conjunction with L.'s statements, apprised appellant of what he must be prepared to defend against, and appellant is protected from any further prosecution for any allegations of sexual misconduct involving L. during the twenty-three-month period covered by the specification. We also agree with the military judge's factual determination, that

the government was unable to provide a more specific period of time to aid appellant's defense. *See* UCMJ art. 66(c).

■ The court in *Williams* also examined William's argument that he was denied his Sixth Amendment right to present a defense, particularly because the sixty-day window of the specification precluded him from putting forth an alibi defense. The court rejected the argument, citing *Fawcett v. Bablitch,* 962 F.2d 617 (7th Cir.1992), in which the Seventh Circuit rejected a Sixth Amendment challenge to an allegation of sexual misconduct with a ten-year-old boy. In *Fawcett,* two distinct incidents were alleged to have occurred within a six-month period. Both the Seventh Circuit in *Fawcett* and our superior court in *Williams* noted that the defense in each case had not put forth much or any evidence to support an alibi defense for any part of the periods alleged, that each appellant had sufficient notice of the specific conduct of which they were accused, and that each had taken "full advantage of his opportunity to test the victim's memory and veracity, particularly concerning her confusion over the time of the alleged offenses." *See Williams,* 40 M.J. at 382; *cf. United States v. King,* 703 F.2d 119 (5th Cir.1983).

We have found no case deciding a similar issue, i.e., involving failure to give an accused notice of the specific time of an allegation of illegal conduct which was alleged to have occurred at some point within any period approaching the twenty-three months in this case. We nevertheless conclude that the analyses and conclusions in *Williams* and *Fawcett* apply equally here. First, while appellant argues that alleging a sixty-day window, as in *Williams,* would have allowed him to focus on an alibi for that shorter period, any alibi that does not cover every moment of the period alleged would be useless. The court in *Fawcett* noted that, absent very narrow specificity as to the time alleged, "charges spanning six months, six weeks, or six days would have been all the same." *Fawcett,* 962 F.2d at 619.

Second, while appellant may have preferred to assert an alibi defense, he was not precluded from presenting *any* defense at trial. In fact, appellant's counsel cross-examined L. thoroughly during the Article 32 investigation, exploring L.'s inability to provide specific dates. At the investigation and at trial, L.'s veracity and credibility were effectively attacked, including internal inconsistencies in her statements and independent evidence that L. and appellant were not at the places at the times when she alleged certain other acts occurred. Also, L. admitted that, to gain her own ends, she previously threatened to falsely accuse her mother of abuse. Most tellingly, between the time of the investigation and the time of trial, L. recanted all allegations of appellant's misconduct. At trial, she denied seriatim the truth of each allegation she had made. Thus, appellant had a surfeit of impeachment evidence to use against the only direct witness to the charged events. Unfortunately for appellant, his admissions to the CID investigators, corroborating much of L.'s original statements, obviously convinced the court-martial, and us, that L. had been truthful during the investigation, not at trial.

Finally, appellant was convicted of the lesser-included offense of indecent acts, but acquitted of the charge of rape. While in appellant's statements to CID he denied that his penis ever penetrated L.'s vagina, he admitted to conduct constituting indecent acts with L. during the time period covered by the specification in question. Therefore, while he may have had some cause to complain about a charge of rape covering a twenty-three-month period, his own admission to indecent acts during that period undercuts his complaint of vagueness and denial of an opportunity to present a defense.

## XI. WHETHER APPELLANT WAS UNFAIRLY PREJUDICED BY THE PREFERRAL OF TWO CHARGES SUBSEQUENT TO THE ART 32 HEARING WITHOUT THE TWO ADDITIONAL CHARGES BEING SENT TO A NEW ARTICLE 32 HEARING IN VIOLATION OF THE RULE OF *UNITED STATES V. BENDER,* 32 M.J. 1002 (N.M.C.M.R.1991).

As stated above, appellant was charged originally with two specifications of attempt-

ed rape of his stepdaughter,[2] along with numerous other charges. The investigating officer at the Article 32 hearing concluded slight penetration of the vagina had occurred and he recommended upgrading those specifications to consummated rape charges.[3] In response, the accuser on the original charge sheet preferred the additional charge and two specifications of rape,[4] and the original attempted rape charge and its specifications were dismissed. No additional investigation of the new specifications was directed or conducted.

█ Before charges may be referred to a general court-martial, Article 32 requires that the charges be investigated. Rule for Courts–Martial [hereinafter R.C.M.] 405(k), however, provides that the accused may waive the investigation or defects in the investigation, either explicitly or through failure to object in a timely manner. *Cf. United States v. Chuculate*, 5 M.J. 143 (C.M.A.1978); *United States v. Bender*, 32 M.J. 1002 (N.M.C.M.R.1991).

█ At trial, the court-martial acquitted appellant of Specification 2 of the Additional Charge, but found him guilty of the lesser included offense of indecent acts under Specification 1. Appellant complains on appeal that the investigation should have been reopened after preferral of the new specifications.[5]

By written request dated 12 November 1996, almost two months after the date of the report of investigation, appellant requested that the general court-martial convening authority order a *new* investigation (not a continuation of the original investigation), on several grounds.[6] The primary thrust of the request centered on L.'s recent recantation

and the investigating officer's alleged bias. The investigation was not reopened.

The request was repeated to the military judge by written motion for a *new* investigation. Again, the thrust of the request was L.'s recantation and alleged bias of the investigating officer. The enhanced charges were again mentioned only in passing. During oral argument, the defense counsel stressed again the issues of bias and the recantation. She mentioned the recommendation to charge consummated rape briefly as evidence that the investigating officer was biased. The military judge apparently did not perceive a request to reopen the investigation because of the enhanced charges because his written ruling denying the motion discusses only the issues of bias and recantation, without mentioning the enhanced charges.

This allegation of error is without merit because the defense counsel never clearly put the convening authority or the military judge on notice that she was objecting to the report of investigation because of the enhanced charges or that she was requesting additional investigation of the enhanced charges. At all times, the basis of her request for a new investigation centered on L.'s recantation and the alleged bias of the investigating officer. The issue was therefore waived. *See United States v. Donaldson*, 49 C.M.R. 542, 1975 WL 15876 (C.M.A.1975). As additional justification for finding waiver, we note that appellant apparently failed to object to the report within five days of its receipt and that the objection was not made to the commander who had directed the investigation, as required in R.C.M. 405(j)(4).

Finally, even if the issue was not waived, any error was certainly not prejudicial to appellant's substantial rights: He was acquitted of one specification, and on the other

---

2. In violation of Article 80, UCMJ.

3. His report of investigation is dated 20 September 1996, although we have found nothing in the record stating when the report was given to appellant or his counsel.

4. In violation of Article 120, UCMJ.

5. The investigating officer did not avail himself of the then-recently enacted procedure codified in subsection (d) to Article 32 which allows subsequent charging of offenses discovered during

the investigation without further investigation, provided certain procedures are followed.

6. These include: (1) the investigating officer was biased; (2) the complainant had recanted her accusations subsequent to the hearing; (3) the investigating officer completed his findings and recommendations before the transcript of the proceedings was completed; and (4) the enhanced rape specifications required additional investigation in light of L's recantation.

specification he was convicted of a lesser-included offense of the original charge of attempted rape, which was investigated. *See* UCMJ art. 59(a).

## VI. WHETHER APPELLANT WAS PREJUDICED WHEN THE STAFF JUDGE ADVOCATE APPARENTLY FAILED TO CONSIDER APPELLANT'S ALLEGATIONS OF ERROR PRIOR TO SUBMITTING HIS RECOMMENDATION TO THE CONVENING AUTHORITY. [FOOTNOTE OMITTED]

■ Pursuant to Article 60, UCMJ, and R.C.M. 1106, the staff judge advocate (SJA) in this case prepared a post-trial recommendation to the convening authority prior to the convening authority's action. In response to the recommendation, the defense counsel submitted matters pursuant to R.C.M. 1106(f), which included allegations of eight legal errors in the proceedings, and appellant personally alleged additional legal errors in his submission. In response to the allegations of error, the SJA was then required to make at least a conclusory statement as to whether any corrective action on the findings or sentence should be taken. *See* R.C.M. 1106(d)(4). We find nothing appended to the record showing that the SJA prepared an addendum to his recommendation or any other document in response to the matters submitted by appellant and defense counsel. This was error.

In addressing this issue in a similar case, our superior court has said, "[I]n most instances, failure of the staff judge advocate or legal officer to prepare a recommendation with the contents required by R.C.M. 1106(d) will be prejudicial and will require remand of the record to the convening authority for preparation of a suitable recommendation." *United States v. Hill,* 27 M.J. 293, 296 (C.M.A.1988). The court also noted, however, that "a Court of [Criminal Appeals] is free to affirm when a defense allegation of legal error would not foreseeably have led to a favorable recommendation by the staff judge advocate or to corrective action by the convening authority." *Id.* at 297; *see also United States v. Green,* 44 M.J. 93, 95 (1996)

("The SJA's failure to do this [comment on assertions of legal error], however, does not result in an automatic return by the appellate court of the case to the convening authority. Instead, an appellate court may determine if the accused has been prejudiced by testing whether the alleged error has any merit and would have led to a favorable recommendation by the SJA or corrective action by the convening authority" (citations omitted)).

While the staff judge advocate erred and appellant has alleged prejudice resulting from the error, we find no possibility of prejudice. *See United States v. Wheelus,* 49 M.J. 283, 289 (1998). In this case, only two of the alleged legal errors described in appellant's submission to the convening authority have been repeated at this level, and both are without merit. We also note that the convening authority, in his action, explicitly stated that he had considered the matters submitted by appellant and his counsel. The convening authority was therefore certainly aware of the allegations of error, but decided not to take action in response.

We conclude that a properly prepared addendum to the recommendation would not have resulted in beneficial action by the convening authority. It therefore serves no purpose to return this record for a new recommendation and action. *See United States v. Czekala,* 38 M.J. 566 (A.C.M.R.1993); UCMJ art. 59(a).

The remaining allegations of error, and the matters raised by appellant pursuant to *Grostefon* are without merit and warrant no discussion or relief.

The findings of guilty and the sentence are affirmed.

Senior Judge MERCK and Judge TRANT concur.