# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
ALDYKIEWICZ, SALUSSOLIA, and WALKER
Appellate Military Judges

**UNITED STATES, Appellee**
v.
**Sergeant First Class RICHARD W. GILLIAM**
**United States Army, Appellant**

ARMY 20180209

Headquarters, Fort Campbell
Matthew A. Calarco, Military Judge
Colonel Andras M. Marton, Staff Judge Advocate

For Appellant: Lieutenant Colonel Tiffany D. Pond, JA; Major Angela D. Swilley, JA; Major Alison L. Gregoire, JA (on brief).

For Appellee: Colonel Steven P. Haight, JA; Major Dustin B. Myrie, JA; Major Lauryn D. Carr, JA (on brief).

15 July 2020

------------------------------
MEMORANDUM OPINION
------------------------------

*This opinion is issued as an unpublished opinion and, as such, does not serve as precedent.*

SALUSSOLIA, Judge:

A military judge sitting as a general court-martial convicted appellant, contrary to his pleas of one specification of rape of a child in violation of Article 120, Uniform Code of Military Justice, 10 U.S.C. § 120 (2008) [UCMJ] and one specification each of rape of a child and sexual abuse of a child in violation of Article 120b, UCMJ, 10 U.S.C. § 120b (2012). The military judge sentenced appellant to be reduced to the grade of E-1, confined for eleven years, and dishonorably discharged from the service. The convening authority approved the adjudged sentence.

We review this case under Article 66, UCMJ. Appellant asserts the evidence is legally and factually insufficient to sustain his convictions of rape of a child and

sexual abuse of a child.[1] We agree that appellant's convictions are factually insufficient and provide relief in our decretal paragraph.[2]

## BACKGROUND

Appellant's convictions stem from multiple sexual acts with his step-daughter, HD, who was not yet twelve years old at the time of the offenses. The misconduct occurred while they lived off post near Fort Campbell, Tennessee.

### The Government's Pleadings

Two of the specifications of which appellant was convicted relate to digital penetration. Specification 1 of Charge I alleged a violation of Article 120, UCMJ (2008), and Specification 1 of Charge II alleged a violation of Article 120b, UCMJ (2012). The specifications alleged:

> In that appellant did at or near Clarksville, Tennessee, on divers occasions, between on or about 1 October 2010 and on or about 27 June 2012, engage in a sexual act, to wit: penetrating with [his] finger the genital opening of [HD], a child who had not attained the age of age of 12 years.

> In that appellant did at or near Clarksville, Tennessee, on divers occasions, between on or about 28 June 2012 and on or about 22 September 2013, commit a sexual act upon [HD] a child who had not attained the age of age of 12 years, to wit: penetrating with [his] finger the vulva of [HD] with [his] finger.

---

[1] Appellant's second assignment of error asserts the government's dilatory post-trial processing of his case warrants relief. Once more, we face the issue of deciding whether any relief is warranted due to the inefficiency of the Fort Campbell Staff Judge Advocate Office's post-trial processing of a court-martial. In this case, approximately 290 days elapsed from sentence to action without any government explanation for the delay. Specifically, 70 days passed from the authentication of the record of trial until service on appellant and a staggering 155 days passed, without explanation, from the time of appellant's post-trial submission to the convening authority's action, despite appellant's two demands for speedy post-trial processing. Because of the relief we grant in our decretal paragraph, we need not decide this issue.

[2] Additionally, we have given full and fair consideration to the matters personally raised by appellant pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982), and find them to be without merit.

The government's reasons for charging appellant with those specifications appear to be threefold. First, the government believed the evidence would establish that appellant had committed multiple incidents of digital penetration during a timeframe of almost twenty-three months, spanning from 1 October 2010 to 22 September 2013. Second, the government recognized that the evidence did not establish exact dates of these rapes by digital penetration, and thus used the term of art "on or about" to describe the charged dates in both specifications. Third, the government understood that a statutory change to Article 120 required two specifications.

The National Defense Authorization Act for Fiscal Year 2012 (112 Pub. L. No. 112-81, § 541, 125 Stat. 1298 (2011)) replaced certain punitive articles contained in Article 120, UCMJ, involving sexual misconduct against children, to include rape of a child, with Article 120b, UCMJ. The effective date of this change was 28 June 2012. Due to this change, the government drafted Specification 1 of Charge I to cover appellant's rape of a child by digital penetration on divers occasions prior to the date of the effective change and Specification 1 of Charge II to cover similar acts committed on divers occasions after the effective date of the statutory change.

The other specification of which appellant was convicted pertained to his exposing his penis to HD on more than one occasion. In Specification 4 of Charge II, the government charged this misconduct as a violation of Article 120b, UCMJ. The specification alleged:

> In that appellant did at or near Clarksville, Tennessee, on divers occasions, between on or about 28 June 2012 and on or about 22 September 2013, commit a lewd act upon [HD], a child who had not attained the age of 12 years, to wit: exposing [his] genitalia to [HD].

### Appellant's Court-Martial

Prior to trial, appellant's defense counsel moved for a bill of particulars, seeking to compel the government to provide "the exact times and dates for the alleged acts of misconduct as charged in the pleadings." The military judge denied appellant's motion. In his written findings and conclusions of law, the military judge ruled that appellant was both sufficiently on notice of what he must be prepared to defend against and protected from double jeopardy. The military judge's ruling was based in part on the fact that the government's pleadings set forth

3

timeframes as to when the crimes were alleged to have occurred, and that the timeframes were further limited by appellant's three deployments during them.[3]

At trial, the government primarily relied on the testimony of HD, the victim. HD testified that all of appellant's crimes against her began after they moved to their off-post home when she was "around 7 or 8." While this would have placed the initial inappropriate touching as occurring either at the end of 2010 or the beginning of 2011, HD provided no details regarding the first touching, testifying "I can't remember specifically the first time."

When HD testified about the times appellant digitally penetrated her, she explained where in the house the offenses occurred.[4] HD did not, however, state *when* any of the digital penetrations took place, other than the time the last act happened.[5] HD said the last time appellant digitally penetrated her was while they were laying on the living room couch, sometime in the summer of 2014.[6]

While HD also testified that appellant exposed his penis to her on more than one occasion, her testimony was equally vague about this offense. HD stated that appellant exposed himself in at least three different areas of the house, but she could

---

[3] The government's response to appellant's motion for a bill of particulars clarified that appellant was deployed three times during the entire charged timeframe that included: 1 October 2010 to 1 November 2010, 14 August 2012 to 6 October 2012, and 16 January 2013 to 2 September 2013.

[4] HD indicated that appellant sexually assaulted her by digital penetration at least six times, testifying that the incidents occurred: "once or twice" in her bedroom; "at least two different times in the shower;" once in her "mom's bedroom;" and at least twice on the "living room couch."

[5] Other than the last incident, which occurred on the couch, HD did not give any indication as to the order in which the other incidents took place. For instance, when describing appellant digitally penetrating her in her mother's bedroom, she responded that she could not say when it happened, or whether it occurred before or after the times in her bedroom.

[6] HD's testimony indicated the last incident occurred during the "summer" when she was "at least ten." Based on HD's birth month and year, January of 2004, the first summer when she would have been, "at least ten" years old was the summer of 2014. As such, we can infer that the last incident of digital penetration—the *only* act of digital penetration tied to any date certain—occurred during the summer of 2014.

not recall how many times he engaged in this type of misconduct.[7] She also did not provide when these incidents actually occurred.

On appeal appellant asserts the evidence is factually and legally insufficient to support his convictions for rape of a child by digital penetration and sexual abuse by exposing his genitalia.[8] We do not find appellant's arguments in support of his assertion particularly compelling. Nonetheless, we conclude for the reasons set forth below, that the three convictions are factually insufficient.

## LAW AND DISCUSSION

We review factual sufficiency de novo. *United States v. Washington*, 57 M.J. 394, 399 (C.A.A.F. 2002) (internal citation omitted). In weighing factual sufficiency, we take "a fresh, impartial look at the evidence," applying "neither a presumption of innocence nor a presumption of guilt." *Id.* To affirm a conviction, "after weighing the evidence in the record of trial and making allowances for not having personally observed the witnesses, [we must be] convinced of [appellant's] guilt beyond a reasonable doubt." *United States v. Turner*, 25 M.J. 324, 325 (C.M.A. 1987).

"The military is a notice pleading jurisdiction." *United States v. Folser*, 70 M.J. 225, 229 (C.A.A.F. 2011) (citing *United States v. Sell*, 3 C.M.A. 202, 206, 11 C.M.R. 202, 206 (1953)). It is the government's responsibility by virtue of its control of the charge sheet to place the accused on notice of the offense against which he must defend. *See United States v. Morton*, 69 M.J. 12, 16 (C.A.A.F. 2010). While the specific date of an offense need not be alleged unless time is an essential element of the offense, *United States v. Williams*, 40 M.J. 379, 382 (C.M.A. 1994) (citing *Ledbetter v. United States*, 170 U.S. 606, 612 (1898)), the date of the commission of an offense should be stated with sufficient precision as to (1) protect an accused against future prosecution for the same conduct, (2) allow him to prepare for trial, and (3) enable the accused the opportunity to defend against a particular charge. *See United States v. Aguirre*, ARMY 20090487, 2012 CCA LEXIS 209, at *11 (Army Ct. Crim. App. 1 Jun. 2012) (mem. op.) (citing *United States v. Marshall*, 67 M.J. 418, 420) (C.A.A.F. 2009) (quotations omitted).

---

[7] HD testified that appellant exposed his penis to her while they were in three different areas of the house: her bedroom; her mother's room; and, in the shower.

[8] We note that appellant's brief only challenges Specification 1 of Charge II and Specification 4 of Charge II as being factually insufficient, but we conclude based on our review of the record that all three specifications of which he was convicted are factually insufficient.

"On or about," however, are words of art in pleading which generally connote any time within a few weeks of the "on or about" date." *United States v. Brown*, 34 M.J. 105, 110 (C.M.A. 1992) (citations omitted) (reversed on other grounds by *United States v. Reese*, 76 M.J. 297 (C.A.A.F. 2017) (holding R.C.M. 603(d) *does not* require a showing of prejudice for an appellant to prevail on a variance claim)). When charges employ "an on or about date" and set forth a timeframe of when the misconduct is alleged to have occurred, the government is required to establish that the crime occurred at a date within the timeframe charged or *reasonably near* the charged timeframe in order to avoid a material variance. *See United States v. Allen*, 50 M.J. 84, 86 (C.A.A.F. 1999).

### *Rape of a Child by Digital Penetration*

As previously stated, Specification 1 of Charge I alleges rape of a child by digital penetration occurring on divers occasions between "on or about 1 October 2010" and "on or about 27 June 2012." Specification 1 of Charge II alleges rape of a child by digital penetration occurring on divers occasions between "on or about 28 June 2012" and "on or about 22 September 2013." To affirm these specifications, we must be convinced that two conditions have been met. First, we must be convinced that the evidence comports with the elements set forth in punitive Articles 120, UCMJ (2008) and 120b, UCMJ (2012), respectively. Second, we must be convinced that at least two[9] of the acts of raping HD by digital penetration either occurred within or reasonably near the timeframes charged in each specification. While we are convinced that the first condition has been met, we are not convinced the second has been met.

We do find HD's testimony credible regarding appellant digitally penetrating her vulva with his fingers on at least five occasions prior to her turning twelve years old. In other words, HD's testimony establishes that appellant digitally penetrated her on divers occasions some time before 2016. Thus, we believe the evidence adduced at trial established the elements of each of the two punitive articles.[10]

---

[9] By pleading "divers occasions," the government assumed the obligation of proving two or more incidences of the charged offense. While we recognize our authority to affirm a single act vice multiple acts as alleged in the pleadings, *see generally United States v. English*, 79 M.J. 116 (C.A.A.F. 2019), our decision herein rests not on whether appellant committed the charged acts once or more than once. Rather, our reversal rests on the absence of evidence establishing that appellant's charged offenses occurred during the period charged.

[10] There is evidence corroborating HD's assertion regarding digital penetration. First, her brother testified that he observed appellant with his hand down HD's pants. Second, HD's mother testified that upon becoming aware of the allegations,

(continued . . .)

However, because the evidence pertaining to the timing of these acts is ambiguous, we cannot determine whether any of the acts occurred within or reasonably near the timeframes charged.

The evidence at trial placed the last incident of digital penetration as occurring either in the summer of 2014, based on HD's testimony, or a couple of months prior to September of 2016, based on her brother's testimony.[11] Even if we were to adopt HD's testimony that the last incident occurred sometime during the summer of 2014, this would mean the last incident could have occurred almost eleven months after the last date charged by the government, which was "on or about 23 September 2013."[12] The "last incident" is the only incident tied to any date certain. All other incidents lack any specificity as to when they took place, and, thus, all we can surmise is that these other incidents occurred sometime between the end of 2010, shortly after the family moved off post, and the summer of 2014. Similar to the last incident, there is a reasonable possibility that the other incidents of digital penetration also occurred at least eleven months after the last date charged by the government.

Because the evidence reveals the distinct possibility that all of the acts of digital penetration could have happened approximately eleven months after the last date charged by the government, we are not convinced beyond a reasonable doubt that they occurred within or even reasonably near to the timeframes charged by the government. Accordingly, we find the evidence adduced at trial does not establish appellant's guilt beyond a reasonable doubt regarding Specification 1 of Charge I or Specification 2 of Charge II. *See English*, 79 M.J. at 121 (C.A.A.F. 2019) (holding

---

(. . . continued)
she confronted appellant who did not deny anything but rather responded that he was drunk and he was sorry.

[11] We note that HD's testimony is in conflict with testimony offered by the government's only third-party eyewitness. HD's brother testified that he witnessed one of the digital penetrations that took place on the living room couch. The brother stated that one night he walked into the living room and observed HD on top of appellant on the couch, and appellant's hand was down HD's pants. The brother explained the incident took place a couple of months prior to September of 2016. His testimony placed the incident almost two years after the time HD stated the last digital penetration took place—the summer of 2014.

[12] Had the trier of fact modified the charged timeframes through exceptions and substitutions under R.C.M. 918(a)(1) to encompass the summer of 2014, the issue before us would have been whether this material change in dates created a fatal variance. See *United States v. Parker*, 59 M.J. 195 (C.A.A.F. 2003).

that military courts of criminal appeals lack the authority to affirm a finding by broadening the scope of a charged offense of which appellant was convicted at trial).

*Sexual Abuse by Penile Exposure*

Similarly, we cannot conclude that the evidence establishes that appellant exposed his penis to HD within or reasonably near the timeframe charged in Specification 4 of Charge II—from "on or about 28 June 2012" to "on or about 22 September 2013." While we again find HD's testimony credible and can conclude that appellant committed this type of sexual act on at least three occasions before she turned 12 years old, there is insufficient evidence to convince us that these sexual acts occurred within or reasonably near the charged timeframe. Rather, the evidence adduced at trial indicates these acts occurred sometime between the end of 2010 and the summer of 2014, the latter time extending well beyond that which was charged. Accordingly, we the find the evidence at trial does not support appellant's guilt beyond a reasonable doubt as to Specification 4 of Charge II.

## CONCLUSION

In view of the foregoing, the findings of guilty and the sentence are set aside. The Charges and their Specifications are DISMISSED. All rights, privileges, and property, of which appellant has been deprived by virtue of the findings and sentence set aside by this decision are ordered restored. *See* UCMJ arts. 58b(c) and 75(a).

Senior Judge ALDYKIEWICZ and Judge WALKER concur.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court